38

Coretha THOMAS, Plaintiff,

v.

ST. FRANCIS HOSPITAL AND
MEDICAL CENTER,
Defendant.

No. 3:96CV465 (GLG).

United States District Court,
D. Connecticut.

Dec. 14, 1998.

James S. Brewer, West Hartford, CT, for Plaintiff.

Regina A. Long Gilchrist, U.S. Attys. Office, New Haven, CT, Joseph A. Moniz, Elizabeth Ann Alquist, Robert J. O'Hara, Day, Berry & Howard Cityplace, Hartford, CT, for Defendant.

## *MEMORANDUM DECISION*

GOETTEL, District Judge.

Plaintiff moves for relief from judgment and for a new trial. Plaintiff had sued defendant St. Francis Hospital and Medical Center complaining of employment discrimination with respect to her discharge from employment. Plaintiff contends that her termination resulted from a complaint by a patient named Mrs. Lois J. Cohen concerning plaintiff's praying while she took x-rays. Two of the defendant's witnesses, a nurse and a technician, testified about this event. Plaintiff maintains that their testimony was perjurious and that they had a strong animosity towards her. Plaintiff's counsel contends that defense counsel participated in the presentation of perjured testimony. He submits that defendant's counsel should be examined by this Court concerning "this despicable course of events." Pl.'s Mem. at 8.

He requests the same with respect to the Hospital. He suggests that the matter should be forwarded to the United States Attorney for the investigation of perjury.

Initially we note that the Mrs. Cohen incident was not, as plaintiff claims, the "definitive reason for terminating the plaintiff." *Id.* at 5. Other witnesses testified about several complaints regarding plaintiff's similar conduct. During the course of her employment, plaintiff had joined a Pentecostal church and believed it was her responsibility to preach to the unconverted. Her supervisor, Milo Hoffman, had talked to her on several occasions about complaints concerning her preaching to patients. According to him, her response was that "[y]ou have who you have to answer to and I have who I have to answer to." Trial Tr. of 5/20/98, at 259. Plaintiff was given a last chance to promise not to preach to patients but she rejected such a proposal.

 Federal Rule of Civil Procedure 60(b) provides that a party may be relieved from a final judgment for newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b). This is an exceptional remedy. It is applied only when the evidence in question would probably produce a different result if the case were retried. We find that it would not have. Moreover, plaintiff's counsel did not exert due diligence in obtaining the evidence he now submits. A motion of this nature cannot be granted absent clear and convincing evidence of material misrepresentations. *Sudarsky v. City of New York,* No. 89 Civ. 5150, 1992 WL 320420, 1992 U.S. Dist. LEXIS 16557, at *10 (S.D.N.Y. Oct. 28, 1992) quoting *Fleming v. New York University,* 865 F.2d 478, 484 (2d Cir.1989).

 The affidavit now submitted by plaintiff's counsel from Mrs. Cohen states that she does not remember any incidents of being preached to or of her having complained about it. This is rather different from saying that the events did not occur. It is an insuf-

ficient basis for concluding that two of defendant's witnesses perjured themselves or that defense counsel participated in such a perjury. The fact that witnesses differ in their recollection of events that occurred some years ago does not mean that there has been wrongdoing on the part of the defense witnesses. Perjury occurs not simply when a witness' testimony is incorrect but when the witness knowingly gives testimony that he does not believe to be true.

 The centerpiece of this motion is plaintiff's counsel's claim that the Hospital improperly prevented him from obtaining this evidence earlier. He did write a letter requesting the "formal written complaint" of Mrs. Cohen, her full name and address. She never made a formal *written* complaint. The only document, a report from a nurse, was supplied. Defendant advised plaintiff that the Hospital could not release confidential patient information without a court order.[1] We are not convinced that under these circumstances the mere address of a patient constitutes confidential information. Had plaintiff served interrogatories requesting her address and had defendant resisted, we would have been inclined to have granted the application for the address known at the time of the events in question. Plaintiff did not submit such an interrogatory or make any other efforts to get her address. As it happens, the address might not have been of any particular assistance to plaintiff since we are advised by plaintiff's counsel that Mrs. Cohen had been transferred abroad by her employer and was living out of the country.[2] According to plaintiff's counsel, Mrs. Cohen has apparently recently (perhaps after the trial) returned to the United States and is now living in the District of Columbia. While we view defense counsel's interpretation of confidential medical information as having been a bit overly strict, we do not see it as a basis for granting a motion for a new trial or relief from judgment. Consequently,

---

1. Connecticut General Statutes section 4–104 provides that hospital records may be subpoenaed but will not be open to inspection to anyone except upon the order of a Judge of the Court concerned.

2. We get this information only through a Memorandum of Law submitted by plaintiff's counsel, at page 2, and not from an affidavit which would have been the proper method of submission.

the motion (**Doc. No. 86**) is **DENIED** in all respects.